**UNITED STATES of America, Plaintiff,**

v.

**Vincent A. DAVEL, Defendant.**

No. 86–C–421.

United States District Court, E.D. Wisconsin.

March 20, 1987.

Mary E. Bielefeld, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

John R. Schweitzer, Wauwatosa, Wis., for defendant.

## DECISION AND ORDER

CURRAN, District Judge.

The trial of the above-captioned tax collection case began on January 5, 1987. In its complaint the plaintiff, United States of America, alleges that the defendant, Vincent A. Davel, is a person responsible for paying over certain employment taxes withheld from the wages of employees of Communications Today Corporation (CTC). The government is seeking a $49,484.66 judgment (plus 13% simple annual interest) for the unpaid amount due on a note executed by Davel on April 22, 1982, in connection with CTC's bankruptcy reorganization plan. See 26 U.S.C. § 7401. In the alternative, the government asks for a judgment of $30,808.71 (plus interest) which represents a 100% penalty attributable to employment taxes owed by CTC for the last two quarters of 1980 and all four quarters of 1981. See 26 U.S.C. §§ 6672 & 7401. Davel has counterclaimed for a refund of payments applied to thepenalty by the government. This court has jurisdiction over these claims pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

Before the government's case concluded, the parties were granted a continuance to engage in settlement negotiations. These negotiations failed, so trial will recommence on the next available date. Meanwhile, the government has filed a motion in limine asking the court to bar Davel from offering:

1. Any references, testimony, or evidence regarding the collection efforts of the Internal Revenue Service in the Communications Today Corporation (hereinafter "CTC") bankruptcy proceeding, Case No. 81–01375 (USBC E.D. Wisc.), and the alleged failure of the Internal Revenue Service to utilize its collection ability fully therein.

2. Any references, testimony, or evidence concerning an alleged satisfaction of the tax liability by agreement reached in the bankruptcy proceeding including,

but not limited to (1) Supplement to Plan of Reorganization filed in Case No. 81–03715 (USBC E.D. Wisc.), (2) Agreement dated April 22, 1982, (3) Mortgage or Assignment of Mortgage referenced in the Supplement to Plan of Reorganization, Case No. 81–03715, and referenced in the Note dated April 22, 1982, (4) Discharge of assets of CTC from the Federal Tax Lien, (5) Order Confirming Plan, Case No. 81–03715, (6) $30,000 payment and (7) Form 843 Claim and attachments. Motion in Limine at 1–2. Davel has not formally responded to this motion and his time to do so has now passed, *see* Local Rule 6, § 6.01, but he did respond to the same arguments when they were raised at trial.

The uncontested facts show that Davel was formerly the president of Communications Today Corporation, a packaging and mailing business. CTC filed for relief pursuant to Chapter 11 of the Bankruptcy Code in December of 1981. At that time CTC owed approximately $84,000.00 in federal employment taxes to the United States. Under the Supplement to Plan of Reorganization filed in the bankruptcy action, the Internal Revenue Service (IRS) agreed to accept $30,000.00 in cash and a note from Davel in the amount of $53,684.66 to discharge its tax lien against CTC. The note, which was secured by a mortgage, was to be paid in monthly installments of $700.00. Simple interest was to accrue at the rate of thirteen percent per year. *See* Amended Answer & Counterclaim at Exhibit B. Only six payments were made under the note, so $49,484.66 of the principal remains unpaid. In responding to the government's complaint Davel maintained that, because there is no acceleration clause in the note, he is only liable for the unpaid installments and not for the entire amount. However, the government points out that: "Since the Note itself states the balance is due on or before February 1, 1987, this defense is now moot." Memorandum of Law in Support of Motion in Limine at 3. Davel does not contest liability on the note. *See* Supplement to Final Pretrial Report at V.

The evidence the government wants excluded relates to Davel's affirmative defense to the government's alternative claim for the 100% penalty. The government points out that on February 17, 1984, the Internal Revenue Service (IRS) assessed a penalty against Davel in the amount of $36,014.70. *See* 26 U.S.C. § 6672. This amount represents the amount of unpaid withholding and Federal Insurance Contribution Act (FICA) taxes CTC corporation failed to pay on behalf of its employees during the last two quarters of 1980 and the four quarters of 1981. To prevail on its claim for this penalty the government must prove that Davel was a "responsible person"—"[a]ny person required to collect, truthfully account for, and pay over any tax imposed by" Title 26 of the United States Code. 26 U.S.C. § 6672(a). The IRS has credited Davel with certain tax refunds and interest, reducing the total owed to $30,808.71. In his counterclaim Davel seeks a refund of the $4,409.00 in interest and refunds retained by the IRS and also seeks abatement of the remainder of the penalty ($30,808.71).

Davel maintains that the government already received a satisfaction of the total taxes CTC owed when it accepted the cash and the note in the bankruptcy proceedings. He also insists that he should not be liable for the penalty because the IRS failed to exhaust its collection efforts in the bankruptcy proceeding before assessing responsible officers.

■ The court will grant the government's request to exclude evidence of what Davel calls the "satisfaction" of CTC's tax liability in the bankruptcy action. Although nothing in the language of section 6672 explicitly prevents the government from collecting and retaining a full satisfaction from each responsible person, the government is not trying to extract a double recovery of the approximately $84,000.00 originally owed by CTC. *See U.S. Life Title Insurance Company of Dallas v. Harbison,* 784 F.2d 1238, 1243 (5th Cir. 1986).

Davel's contention that CTC's tax liability has already been "satisfied" is without merit. Of the $84,000.00 originally owed, only a lump sum of $30,000.00 plus installments totalling $4,200.00 have actually been paid; $49,484.66 of the principal remains unpaid. Although the IRS agreed to release its lien in return for the lump sum payment and Davel's note, section 6672 of Title 26 of the Internal Revenue Code states, in part, that:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672. The undisputed facts of this case show that withholding and FICA taxes for CTC employees remain unpaid and uncollected for the tax periods ending September 30 and December 31 of 1980 and March 31, June 30, September 30 and December 31 of 1981. The amount which has been paid was paid on behalf of the corporation. Under section 6672(a) the liability of a "responsible person" is independent of the employer-corporation's obligation to pay over the employee withholdings to the government. *See Young v. United States,* 609 F.Supp. 512, 517 (N.D.Tex.1985). Therefore, any testimony or evidence bearing on the so-called "satisfaction" in the bankruptcy proceeding is irrelevant and will be excluded at trial. *See* Federal Rule of Evidence 402.

The government also asks the court to exclude evidence bearing on Davel's second affirmative defense that the IRS should be estopped from assessing a penalty against him because it did not use its full powers to collect from CTC during the bankruptcy action. The government argues that admitting such evidence would lead to undue delay, unfair prejudice, and confusion of issues. *See* Federal Rule of Evidence 403. Davel maintains that the weight of authori-

ty holds that the IRS must exhaust efforts to fully collect from the employer before penalizing a "responsible person." *See McCarty v. United States,* 437 F.2d 961, 194 Ct.Cl. 42 (1971); *Spivak v. United States,* 370 F.2d 612 (2d Cir.1967), *cert. denied,* 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); *Tozier v. Commissioner,* 65–2 U.S.T.C. ¶ 9621 (W.D.Wash.1965). Davel also believes he should not be liable because the IRS did not reserve any rights against CTC's officers in the bankruptcy settlement. *See Spivak,* 370 F.2d at 615.

Taking judicial notice of the record in CTC's bankruptcy action, the court finds that the government objected to the Debtor's Plan of Reorganization. This objection offers insight into why the IRS did not use its full powers to collect from CTC. The government's objection states that: "Although the Internal Revenue Service is a secured claimant to the extent of $72,-693.11 the information available indicates that other secured claimants have priority over the Notice of Federal Tax Lien leaving the Internal Revenue Service no security on its claim." *See In re Communications Today Corporation,* No. 81–03715 (Bkrtcy E.D.Wis. April 5, 1982) (Objection to Debtor's Plan of Reorganization). After the plan of reorganization was supplemented to include the provision for the $30,000.00 cash payment and the $53,684.66 note to be collected by the IRS, the government withdrew its objection to the debtor's plan of reorganization. *See Id.* at Withdrawal of Objection to Debtor's Plan of Reorganization (filed April 22, 1982).

■ Whatever its reason for releasing its tax lien before having fully collected the taxes due from CTC, the IRS is not obligated to exercise due diligence to obtain full recovery of delinquent employment taxes from the employer-corporation. *See Calderone v. United States,* 799 F.2d 254, 257 (6th Cir.1986); *Cooper v. United States,* 539 F.Supp. 117, 122 (E.D.Va.1982), *aff'd,* 705 F.2d 442 (4th Cir.1983). To rise to the level of an estoppel or abuse of discretion in failing to collect from the corporation, the government must mislead the corporate officer, *see Spivak,* 370 F.2d at 615, or otherwise take action which justified the corporate officer in not remitting the taxes.

*See McCarty,* 437 F.2d at 972; *Tozier,* 65–2 U.S.T.C. ¶ 9621 (W.D.Wash.1965). Neither situation is present here. "Cases firmly on point reject a hierarchical system wherein the IRS must first pursue the corporation, usually in the Bankruptcy Court, to obtain taxes the corporation's officers are separately obligated to pay under § 6672." *Abramson v. United States,* 39 B.R. 237, 239 (Bankr.D.C.1984) (collecting cases). *See also In re Avildsen Tools & Machine, Inc.,* 794 F.2d 1248, 1254 n. 10 (7th Cir. 1986) (distinguishing *McCarty* and *Spivak*).

Thus, based on a greater weight of authority, the court concludes that Davel's estoppel or waiver defense is not viable and that any testimony or evidence offered to support this defense would be irrelevant. Therefore, such submissions will be excluded at trial. *See* Federal Rule of Evidence 402.

### ORDER

For the reasons explained above, the court ORDERS that the plaintiff's Motion in Limine (filed February 18, 1987) IS GRANTED. The evidence specified by the government shall be excluded as it relates to the defendant's affirmative defenses. However, the court takes no position on whether it can be intoduced for any other purpose.