## WILLIAM T. CONKLIN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 40976-85.        Filed July 18, 1988.

*Richard F. Thurston,* for the petitioner.
*Cynthia J. Olson,* for the respondent.

FAY, *Judge:* Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows:

| | | Additions to tax | | |
| Year | Deficiency | Section 6653(a)[1] | Section 6653(a)(1) | Section 6653(a)(2) |
|---|---|---|---|---|
| 1979 | $7,601 | $380 | - - - | - - - |
| 1980 | 9,220 | 461 | - - - | - - - |
| 1981 | 9,800 | - - - | $490 | ([1]) |

[1] 50 percent of the interest due on the underpayment caused by negligence.

This case was tried on September 18 and 19, 1986. On August 24, 1987, an opinion was issued by this Court, *Conklin v. Commissioner*, T.C. Memo. 1987-411, pursuant to which decision was to be entered in accordance with Rule 155. There is confusion by the parties concerning the computation to be made under such Rule. For that reason, this Court has, on its own motion, vacated its prior opinion *Conklin v. Commissioner, supra,* and issued in its stead the present opinion. After concessions, the issues are (1) whether this Court has jurisdiction; (2) whether petitioner is entitled to charitable contribution deductions for contributions made to the Church of World Peace, Inc.; and (3) whether petitioner is liable for additions to tax as determined by respondent.

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly, except as hereinafter specifically stated. The stipulation of facts and exhibits attached thereto are incorporated herein by reference.

Petitioner resided in Denver, Colorado, at the time he filed his petition herein. For the years at issue, 1979, 1980, and 1981, petitioner was married to Mary Ann Tavery (Tavery) and filed joint returns with her. Tavery is not a party to this case. Though petitioner and Tavery (Conklins) have chosen separate routes in litigating their tax dispute with the Commissioner, the record does not reveal that they are otherwise estranged. Petitioner has a master's degree in Spanish, a master's degree in communications theory and rhetoric, 4 years of graduate work in education, communications, philosophy, and psychology, and training in theology.

During 1979, 1980, and part of 1981, petitioner was a teacher at a public school.

In 1977, petitioner founded the Church of World Peace, Inc. (CWP) for the stated purpose of promoting world peace. Petitioner was a member of the board of directors of CWP and was CWP's archbishop. CWP's permanent location was the Conklin's residence. In 1978, respondent determined that CWP was exempt from Federal income tax and that contributions made to CWP are deductible by the contributors thereof.[2]

During the years at issue, petitioner wrote checks on accounts in the Conklins' names payable to CWP in the following aggregate amounts:

| Year | Amount |
|------|--------|
| 1979 | $9,271 |
| 1980 | 10,195 |
| 1981 | 1,500 |

Checks written on the Conklins' accounts payable to CWP often occurred in conjunction with checks written on CWP's accounts payable to petitioner. For example, on January 25, 1979, petitioner signed a check written on the Conklins' accounts payable to CWP in the amount of $390 and, on the same date, signed a check written on CWP's accounts payable to himself in the amount of $390. In 1981, and to some extent in 1979 and 1980, checks were written on CWP's accounts to the Conklins' creditors to pay the Conklins' personal living expenses. Petitioner admitted at trial that he would not have been financially able to make "contributions" of the magnitude he made during the years at issue if he got nothing in return for such contributions.

The Conklins executed extensions of time to assess tax, Forms 872-A, for the 1979 and 1980 taxable years. In January of 1985, the extensions were terminated by notices of termination, Forms 872-T. The statute of limitations was kept open as to petitioner pursuant to section 7609(e) because petitioner brought suit to quash summonses issued by respondent. Tavery was not a party to the suit to quash

---

[2]The exemption letter was issued upon CWP's exemption application. CWP's exemption application did not indicate that contributions to CWP would be used to pay the Conklins' living expenses.

summonses, and section 7609(e) did not further toll the statute of limitations as to her.

On April 11, 1985, respondent issued a notice of deficiency to Tavery determining deficiencies for 1979, 1980, and 1981 attributable to: (1) Charitable contribution deductions claimed by the Conklins on their joint returns (item 1); (2) employee business expenses claimed by the Conklins on their joint returns (item 2); (3) miscellaneous deductions claimed by the Conklins on their joint returns (item 3); (4) tax credits claimed by the Conklins on their joint returns (item 4); and, (5) additions to tax pursuant to section 6653(a) for 1979 and 1980 and section 6653(a)(1) and (2) for 1981 (item 5).

On June 17, 1985, Tavery paid the deficiencies and additions to tax determined with respect to items 1 through 5. On January 21, 1986, Tavery filed refund claims with respondent for the amounts paid. Such claims were disallowed and, on February 3, 1987, Tavery filed a suit for refund in the U.S. District Court for the District of Colorado, which is still pending.

Petitioner's suit to quash the summonses, which was unsuccessful, was concluded on May 28, 1985. *Conklin v. United States*, an unreported case (D. Colo. 1985, 56 AFTR 2d 85-5654, 85-2 USTC par. 9534). On August 12, 1985, respondent issued to petitioner a notice of deficiency which determined deficiencies attributable to items 1 through 5, i.e., items identical to those as were in the notice to Tavery,[3] and four additional items: (1) Unexplained deposits treated as taxable income that should have been reported by the Conklins on their joint returns (item 6); (2) rental income that should have been reported by the Conklins on their joint returns (item 7); (3) income from sale of a piano that should have been reported by the Conklins on their joint returns (item 8); and, (4) rental expenses claimed by the Conklins on their joint returns (item 9).

Respondent has conceded items 2, 3, 6, 7, 8, and 9. The parties have reached an agreement with respect to item 4 and a partial agreement with respect to item 1. The parties

---

[3]Specifically, both the notice issued to Tavery and the notice issued to petitioner disallowed, with respect to 1979, 1980, and 1981, charitable contribution deductions in the amount of $9,136, $10,832, and $10,025, respectively.

have stipulated with respect to what we have labeled item 1, the following:

The only issue for trial is whether or not petitioner is entitled to deductions for charitable contributions claimed to have been made to the Church of World Peace, Inc. * * *

OPINION[4]

The first issue is whether this Court has jurisdiction. Petitioner argues that this Court lacks jurisdiction because there is no deficiency: the deficiency with respect to items 1 through 5 had been paid prior to the issuance of petitioner's notice of deficiency, and respondent conceded the deficiency with respect to items 6 through 9 after such notice was issued. Respondent argues that, regardless of any payments made by Tavery on the notice of deficiency issued to her, this Court has jurisdiction because the deficiency determined with respect to petitioner includes items not mentioned in the notice issued to Tavery.

This Court's jurisdiction is predicated upon the *determination* of a deficiency by the Commissioner, not upon the *existence* of a deficiency. *Logan v. Commissioner,* 86 T.C. 1222, 1229 (1986); *Hannan v. Commissioner,* 52 T.C. 787 (1969). A "deficiency" is defined in section 6211(a) as:

the amount by which the tax imposed * * * exceeds the excess of—
  (1) the sum of
      (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

---

[4]Respondent has investigated CWP and in connection therewith issued a summons to CWP. Upon CWP's refusal to comply with the summons, respondent brought suit in District Court seeking enforcement of the summons. The District Court ordered enforcement. The 10th Circuit, on CWP's appeal, reversed. *United States v. Church of World Peace,* 775 F.2d 265 (10th Cir. 1985). However, by the time the 10th Circuit acted, the enforcement of the summons had been complied with and respondent was in possession of the documents covered by the summons. From these documents, respondent learned of CWP's checking accounts. Respondent issued summonses to the banks that handled CWP's checking accounts and obtained CWP's canceled checks and deposit slips which were offered for introduction at trial over petitioner's objection. Petitioner argued that the canceled checks and deposit slips are the fruit of the poisonous tree. See *Nardone v. United States,* 308 U.S. 338, 341 (1939), and *Wong Sun v. United States,* 371 U.S. 471 (1963). We overruled petitioner's objection and allowed the evidence to be introduced. Had respondent not learned of CWP's checking accounts from the summons which the 10th Circuit ultimately held invalid, respondent would inevitably have discovered the accounts by examination of canceled checks submitted by petitioner to substantiate the claimed charitable contribution deductions. See *Nix v. Williams,* 467 U.S. 431 (1984).

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—
(2) the amount of rebates * * * made.

Under such definition, it is clear that respondent has determined a deficiency with respect to petitioner concerning, at least, items 6 through 9; no payments have been made, nor have assessments been effected, with respect to those items. This Court is not deprived of jurisdiction simply because such items were resolved by the parties in petitioner's favor. See *McGowan v. Commissioner*, 67 T.C. 599 (1976); *Bowman v. Commissioner*, 17 T.C. 681 (1951). Therefore, this Court has jurisdiction.

The next issue is whether petitioner is entitled to charitable contribution deductions for contributions made to the Church of World Peace, Inc. Petitioner relies heavily upon respondent's 1978 exemption letter.

We first note that the issuance by respondent of the 1978 exemption letter does not now preclude him from challenging the claimed charitable contribution deductions. In *Miedaner v. Commissioner*, 81 T.C. 272 (1983), the taxpayer established a church that received an exemption letter from respondent similar to the one issued to CWP. We held that where the church was operated in a manner materially different from that originally represented in the exemption application, respondent was not estopped from disallowing the taxpayer's claimed charitable contribution deductions. *Miedaner v. Commissioner, supra* at 281-282. Here, CWP's exemption application did not indicate that the contributions to CWP would be used to pay the Conklins' personal living expenditures. Accordingly, we hold that CWP has been operated in a manner materially different from that represented, and that respondent is not estopped from disallowing the claimed charitable contribution deductions. We note, as we did in *Miedaner v. Commissioner, supra* at 282, that we are not dealing with "an unrelated third party [that] has relied on an exemption letter; rather, we are dealing with the founder of the church himself."

Deductions are a matter of legislative grace and taxpayers must satisfy the specific statutory requirements of the deductions they claim. *Deputy v. du Pont*, 308 U.S. 488 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435

(1934). Taxpayers bear the burden of proving their entitlement to the deductions they claim. *Welch v. Helvering,* 290 U.S. 111 (1933); Rule 142(a). "These rules apply with equal force to deductions claimed for charitable contributions." *Davis v. Commissioner,* 81 T.C. 806, 815 (1983), affirmed without published opinion 767 F.2d 931 (9th Cir. 1985).

In *Davis v. Commissioner, supra,* the taxpayer transferred funds from her personal checking account to a Universal Life Church checking account over which such taxpayer had signatory authority. We held that the taxpayer's signatory authority over the Universal Life Church account allowed the taxpayer to retain dominion and control of the funds transferred to the Universal Life Church checking account and precluded the finding that there had been a charitable contribution as that term is used in section 170. Petitioner here claims charitable contribution deductions for funds transferred to CWP accounts. Petitioner had signatory authority over the CWP accounts and thus retained dominion and control of the funds transferred to such accounts. Since petitioner retained dominion and control over the funds transferred to the CWP accounts, we hold that the transfer of such funds does not constitute charitable contributions within the meaning of section 170. See *Davis v. Commissioner, supra,* and cases cited therein. See also *Wedvik v. Commissioner,* 87 T.C. 1458, 1465 (1986).

Further, a charitable contribution deduction is not allowed where net earnings of the recipient of the contribution inure to the benefit of any individual. See sec. 170(c)(2)(C); *Svedahl v. Commissioner,* 89 T.C. 245, 251 (1987); and cases cited therein. The record overwhelmingly establishes that the contributions made to CWP inured to the Conklins' benefit. During the years at issue, a large portion of the funds transferred to CWP's checking accounts were transferred back to the Conklins' account or were used to pay the Conklins' personal living expenses. Petitioners failed to prove that the use of the funds in this manner was for a proper exempt purpose. The funds transferred do not qualify for a charitable contribution deduction because of inurement. See *Davis v. Commissioner, supra* at 818; *Miedaner v. Commissioner, supra* at 281; and *McGahen v.*

*Commissioner,* 76 T.C. 468, 482-483 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983).

Finally, in *Sedam v. United States,* 518 F.2d 242, 245 (7th Cir. 1975), the Seventh Circuit stated, "a payment is not a contribution or gift under section 170 if it is made with the expectation of receiving a commensurate benefit in return." Petitioner admitted that he would not have been financially able to make the "contributions" to CWP if he got nothing in return for such contributions. Accordingly, we hold that petitioner transferred funds to CWP's checking accounts expecting to receive benefits in exchange therefor. For this reason, the transfers are not contributions under section 170. *Sedam v. United States, supra.* See also *Svedahl v. Commissioner,* 89 T.C. 245 (1987), and cases cited therein.

For the foregoing reasons, we hold that the amounts transferred to CWP are not deductible by petitioner as charitable contribution deductions under section 170.

The next issue is whether petitioner is liable for the section 6653(a) additions to tax for 1979 and 1980 and the section 6653(a)(1) and (2) additions to tax for 1981. Before we consider the substance of this issue, we must dispose of an argument raised by petitioner. The parties stipulated:

The *only* issue for trial is whether or not petitioner is entitled to deductions for charitable contributions claimed to have been made to the Church of World Peace, Inc. * * * [Emphasis added.]

Petitioner argues that pursuant to this stipulation, the additions to tax issue is not properly before the Court.[5] Generally, the Court recognizes the effect of stipulations and accepts the parties' delimitation of the issues presented. However, the "interpretation of a stipulation primarily is determined by ascertaining the intent of the parties, and such intent is a question of fact." *Stamos v. Commissioner,* 87 T.C. 1451, 1455 (1986) (citations omitted). Where a stipulation is interpreted in a manner contrary to the intent of *both* parties to the stipulation, the stipulation will not be given effect.

Respondent's counsel obviously did not intend to remove the additions to tax issue from consideration by this Court,

---

[5]We note that this argument is inconsistent with petitioner's argument that this Court lacks jurisdiction.

since respondent convincingly argued such issue on brief. Further, it appears as though petitioner's counsel would agree with this characterization of respondent's counsel's intent. See note 5 *supra.* Petitioner's counsel admits on brief that it was not his intention to preclude consideration by this Court of the additions to tax issue.[6] Since the intention of both parties with respect to the above-quoted stipulation is contrary to petitioner's interpretation thereof, we reject petitioner's interpretation and hold that the additions to tax issue is properly before the Court.

Section 6653(a) with respect to the 1979 and 1980 taxable years in issue, and section 6653(a)(1) and (2) with respect to the 1981 taxable year at issue, impose additions to tax where the taxpayer has acted negligently or with intentional disregard of the rules and regulations. Petitioner bears the burden of proof on this issue. *Bixby v. Commissioner,* 58 T.C. 757, 791-792 (1972); Rule 142(a).

Petitioner is an extremely well-educated individual who could not have believed that he could properly claim charitable contribution deductions for funds deposited in a bank account, in the name of a church that he established, over which bank account he retained dominion and control, where he exercised such dominion and control to pay his and his wife's personal living expenditures. We hold that petitioner intentionally disregarded the rules and regulations. Therefore, we sustain respondent's determination of additions to tax.

The resolution of all items in the notice of deficiency issued to petitioner, therefore, takes the following form: (1) Items 2, 3, 6, 7, 8, and 9 are conceded by respondent; (2) item 4 is settled by the parties; and, (3) items 1 and 5 are, pursuant to this opinion, held adverse to petitioner. Previously, the parties' confusion concerning the computations to be made under Rule 155 was caused by the parties' focus upon whether or not a *deficiency* resulted from the resolution reached.

---

[6]Petitioner's responsive brief states in relevant part:

"In regards to the stipulation language, counsel for both parties did not consider the penalty issue during trial preparation through inadvertance or oversight. Had the issue been discussed or thought of, counsel for petitioner would have agreed that the issue was for decision by the Court."

Respondent argued that our resolution of items 1 and 5 adverse to petitioner resulted in a deficiency, and that such deficiency should not be reduced by payments made by Tavery. Petitioner argued that, because respondent is entitled to recover the tax with respect to items 1 and 5 only once, and because Tavery had paid the tax on those items, the decision should be one of no deficiency. To clear up this confusion, we point out that within the ambit of our jurisdiction is the authority to determine whether, within the tax years before us, there is *either* a deficiency *or* an overpayment of tax. See sec. 6512(b).[7] As hereinbelow discussed, the payments by Tavery are to be considered when determining whether there exists such a deficiency *or* overpayment with respect to petitioner. Because the payments are to be so considered, and because both parties argued at trial the substantive merits of the deficiencies asserted with respect to items 1 and 5, we shall, for purposes of decision, treat the parties' respective arguments concerning those items as having been advanced in connection with an affirmative request by petitioner for an overpayment determination.

---

[7]Sec. 6512(b) provides in relevant part:

SEC. 6512(b). OVERPAYMENT DETERMINED BY TAX COURT.—

(1) JURISDICTION TO DETERMINE.—Except as provided by paragraph (2) * * * if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year * * * or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

(2) LIMIT ON AMOUNT OF CREDIT OR REFUND.—No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

*　　*　　*　　*　　*　　*　　*

(B) within the period which would be applicable under section 6511(b)(2),(c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment. * * *

Our jurisdiction is confined to determining the amount of deficiency or overpayment for the particular tax year for which respondent has sought a deficiency and petitioner has filed a petition for review. For this reason, we do not opine, if an overpayment is found, whether petitioner or Tavery would be entitled to the resulting refund or credit. See *Morse v. United States*, 494 F.2d 876 (9th Cir. 1974); *Morse v. Commissioner*, T.C. Memo. 1960-73. Any resulting deficiency, of course, would be owed jointly and severally by petitioner and Tavery. Sec. 6013(d)(3).

In *Dolan v. Commissioner*, 44 T.C. 420, 430 (1965), we stated:

under the parenthetical phrase in section 6211(a)(1)(B), [amounts collected without assessment], the deficiencies in [the taxpayer's] tax would have been reduced by any amounts collected from [the taxpayer's husband] prior to the mailing of the statutory notice to [the taxpayer]. The reason for this provision is that, even though [the taxpayer and her husband] are jointly and severally liable for any deficiencies with respect to their joint returns, there is only one obligation for each year. Respondent is entitled to only one satisfaction of that obligation. * * *

This language, though dicta, is compelling from its logic. A husband and wife who file a joint return are jointly and severally liable for one tax.[8] Payment by either must necessarily be a payment of the only tax due from both and, from the Government's standpoint, to the extent the payment is not assessed, is an amount collected without assessment under section 6211(a)(1)(B). Accordingly, Tavery's payments constitute, with respect to petitioner, amounts collected without assessment,[9] and should now be considered when determining whether any deficiency or overpayment of tax exists with respect to petitioner.

Even though, as respondent argues, Tavery's payments are provisional in the sense that she may yet be able to recover them in a District Court suit for refund, we see no reason why such payments should not be considered in a deficiency/overpayment determination with respect to petitioner. In defining a deficiency, section 6211(a)(1)(B)'s parenthetical phrase makes no exception for any potential recovery of payments made, nor do we feel it appropriate to

---

[8]Where a joint return is filed, there is but one taxable income, from which but one tax may be determined, and for which husband and wife are jointly and severally liable. See sec. 6013(d)(3), sec. 1.6013-4(b), Income Tax Regs.; and *Coerver v. Commissioner*, 36 T.C. 252, 254 (1961), affd. 297 F.2d 837 (3d Cir. 1962).

[9]Having decided that Tavery's payments constitute, with respect to petitioner, "amounts collected without assessment," it follows that such payments also constitute, with respect to petitioner, "amounts paid as a tax or in respect of a tax." Respondent, therefore, could have assessed such amounts against petitioner immediately upon payment by Tavery. Sec. 6213(b)(4). Sec. 6213(b)(4) allows respondent to assess "amounts paid as a tax or in respect of a tax * * * notwithstanding the provisions of [section 6213(a)]." Sec. 6213(a) prohibits respondent from assessing a tax until 90 or 150 days, as the case may be, after the issuance of a notice of deficiency and, if a petition is filed with this Court, until the decision becomes final. If respondent had so assessed against petitioner the amounts paid by Tavery with respect to their joint liability, the notice of deficiency issued to petitioner would properly have concerned only items 6 through 9. Sec. 1.6213-1(b)(3), Income Tax Regs.

usurp legislative authority to graft such an exception onto such phrase.[10]

To reflect the foregoing and concessions by the parties,

*An appropriate order will be issued.*

---

[10]Respondent relies on *USLIFE Title Ins. Co. of Dallas v. Harbison,* 784 F.2d 1238 (5th Cir. 1986). See also *Gens v. United States,* 222 Ct. Cl. 407, 615 F.2d 1335 (1980); *United States v. Davel,* 669 F. Supp. 924 (E.D. Wis. 1987); and *Crompton-Richmond Co. v. United States,* 311 F. Supp. 1184 (S.D.N.Y. 1970). These cases are here distinguishable because they deal with penalties imposed with respect to third-party tax obligations. See sec. 6672 and *Slodov v. United States,* 436 U.S. 238, 250 (1978).

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during the years in issue.