William T. CONKLIN,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 88–2717.

United States Court of Appeals,
Tenth Circuit.

March 1, 1990.

Richard F. Thurston, Denver, Colo., for petitioner-appellant.

Kevin M. Brown, Atty., (James I.K. Knapp, Acting Asst. Atty. Gen., Gary R. Allen, and Jonathan S. Cohen, Attys., with him on the brief), Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before LOGAN and MOORE, Circuit Judges, and THOMPSON, District Judge.*

LOGAN, Circuit Judge.

We consider here the Tax Court's authority to rule on the validity of deductions and credits taken on joint income tax returns when the Commissioner of Internal Revenue had previously issued a notice of deficiency for the same items against petitioner's wife, who paid those alleged deficiencies before the Internal Revenue Service (IRS) issued a notice of deficiency to petitioner. We hold that under the circumstances of this case the Tax Court should not have determined the merits of these matters, and hence we reverse its judgment.

Petitioner William T. Conklin founded the Church of World Peace, Inc. (CWP) in 1977. During the years in question, he served as its archbishop and member of its board of directors. The church operations were located in Conklin's residence. Conklin and his wife, Mary Ann Tavery, filed joint income tax returns for the years 1979, 1980, and 1981. In those returns, Conklin and Tavery claimed charitable contributions for various donations to the CWP. In addition, they did not report as income certain funds which they received from the CWP, but rather reported them as church expenses.

During an IRS audit of the CWP, Conklin and Tavery executed a waiver of the statute of limitations. During the delayed statutory limitation period, on April 11, 1985, the Commissioner issued a notice of deficiency to Tavery. The Commissioner stated in the notice that the deficiency was attributable to five items claimed on the joint returns. Tavery paid the deficiency in its entirety on June 17, 1985.

Thereafter, and before Tavery filed any claim for refund or suit for recovery,[1] the Commissioner issued a separate notice of deficiency to Conklin. The notice denominated the same five items stated in Tavery's notice and four additional items.

Conklin challenged the alleged deficiency in a Tax Court filing on November 12, 1985, pursuant to I.R.C. § 6213. Before trial, the Commissioner and Conklin entered a stipulation in which the Commissioner conceded those items not asserted against petitioner's wife. The Commissioner also conceded some of the items previously asserted against petitioner's wife and stipulated that the "only issue for trial is whether or not petitioner is entitled to deductions for charitable contributions claimed to have been made to the Church of World Peace, Inc." I.R. doc. 7, at 5 ¶ 21. These contributions were the same ones the IRS contested against petitioner's wife, for which she had already paid the asserted deficiency.

After a hearing, the Tax Court found in the Commissioner's favor. *William T. Conklin*, 91 T.C. 41 (1988). The Tax Court held that it was not deprived of jurisdiction by Tavery's payment and the parties' resolution of the remaining items. *Id.* at 46. It held that Conklin was not entitled to the claimed charitable contribution deductions to the CWP. *Id.* at 47–48. To integrate the payment previously made by Tavery, the Tax Court declared that this payment should be considered when determining whether any deficiency or overpayment of tax existed with respect to Conklin. *Id.* at 51. Conklin appealed to this court pursuant to jurisdiction bestowed by I.R.C. § 7482. We consider only one of the issues Conklin brings on appeal: the Tax Court's authority to reach the merits of the IRS' claim as to amounts already collected from petitioner's wife.[2]

---

* The Honorable Ralph G. Thompson, Chief Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. On January 21, 1986, Tavery filed a refund claim with the IRS for the amounts paid. This claim was disallowed, and Tavery filed suit for refund in the United States District Court for the District of Colorado. The district court dismissed Tavery's complaint on summary judg-

ment. We dispose of the appeal of that decision this day by our decision in *Tavery v. United States,* 897 F.2d 1024 (10th Cir.1990).

2. Other issues Conklin raises which we do not consider in light of our ruling are: (1) whether Conklin's contributions to the CWP are deductible as charitable contributions to a nonprofit agency, (2) whether evidence obtained as part of a summons quashed by the Tenth Circuit Court

■ The parties agree that Tavery paid the asserted deficiencies in full before the IRS issued Conklin's notice of deficiency, and that the items for which Tavery paid were identical to items 1 through 5 of Conklin's deficiency notice. *Conklin,* 91 T.C. at 44. They agree that the Commissioner conceded the four additional items of Conklin's deficiency notice before the Tax Court trial. *Id.* Therefore, the issue of the Tax Court's authority to decide substantive issues is not based on the resolution of a factual dispute. Thus, we review the Tax Court's resolution of a question of law under the de novo standard. *See Pollei v. Commissioner,* 877 F.2d 838, 839 (10th Cir.1989).

■ We have no problem with the proposition that the Commissioner can issue separate deficiency notices against husband and wife taxpayers who filed joint returns. This has been approved in *Pearson v. Commissioner,* 890 F.2d 353, 355 (11th Cir. 1989); *Gordon v. United States,* 757 F.2d 1157, 1160–61 (11th Cir.1985); *Janet S. Ticktin Garfinkel,* 67 T.C. 1028, 1031 (1977); and *Marie A. Dolan,* 44 T.C. 420, 430–31 (1965). This possibility seems to have been contemplated by I.R.C. § 6212(b)(2), which states that in joint return filings the Commissioner's notice of deficiency "may be" a joint notice. The central principle of joint and several liability, characteristic of joint return responsibility, *see* I.R.C. § 6013(d)(3), is that the obligee may pursue either or both of the parties to the liability, at the option of the obligee. *See Restatement (Second) of Judgments* § 49 & comment a (1982).

Just as with any other joint and several obligation, however, payment by one obligor extinguishes the liability of both. *See Restatement (Second) of Judgments* § 50(2) & comment c ("This rule applies even though the extent of the liability has not been conclusively determined at the time the payment is made."). In *Marie A. Dolan,* 44 T.C. 420 (1965), referencing I.R.C. § 6211(a)(1)(B), the Tax Court stated this in the following words:

"[U]nder the parenthetical phrase in section 6211(a)(1)(B), the deficiencies in petitioner's tax would have been reduced by any amounts collected from [her spouse] prior to the mailing of the statutory notice to petitioner. The reason for this provision is that, even though [her spouse] and petitioner are jointly and severally liable for any deficiencies with respect to their joint returns, there is only one obligation for each year. Respondent is entitled to only one satisfaction of that obligation. Since payment by either spouse effects a *pro tanto* extinguishment of the obligation, the parenthetical phrase in section 6211(a)(1)(B) is wholly consistent with the joint and several liability of the spouses."

*Id.* at 430.

■ At least two circuits and the Tax Court itself have held that the Tax Court does not have jurisdiction to review the action of the Commissioner in purporting to determine an income tax deficiency when the amount proposed as a deficiency had been paid before the date on which the Commissioner's statutory notice was issued. *McConkey v. Commissioner,* 199 F.2d 892, 893 (4th Cir.1952), *cert. denied,* 345 U.S. 924, 73 S.Ct. 782, 97 L.Ed. 1355 (1953); *Bendheim v. Commissioner,* 214 F.2d 26, 28 (2d Cir.1954); *Stanley A. Anderson,* 11 T.C. 841 (1948); *see also Standard Oil Co. v. McMahon,* 244 F.2d 11, 13 (2d Cir.1957) ("[I]f prior payment has extinguished the 'deficiency,' there is no jurisdiction in the Tax Court even though this be contrary to the intention of the parties."). The rationale of those cases is that if the tax has already been paid the notice of deficiency is not valid. *McConkey,* 199 F.2d at 894; *Anderson,* 11 T.C. at 842.

We must consider whether the situation is changed by the fact that the Commissioner asserted four additional items against Conklin which were not asserted against his wife, and hence, not paid by her. There is no doubt that, if these additional items are asserted in good faith and

of Appeals was improperly accepted into evidence; and (3) whether the Tax Court properly

imposed additions to tax for intentional disregard of its rules.

Conklin chooses not to pay them, he can go to the Tax Court and the Tax Court would have jurisdiction. In the instant case we cannot determine whether the Commissioner asserted the additional items in good faith, but we do note that he conceded these items before trial.

The Commissioner's position is that his concession on the items not asserted against petitioner's wife did not deprive the Tax Court of jurisdiction. The Commissioner argues that the only prerequisites to Tax Court jurisdiction are (1) a determination of a deficiency by the Commissioner, and (2) issuance of a deficiency notice to the taxpayer. *See Alford v. Commissioner*, 800 F.2d 987, 988 (10th Cir.1986). And once vested, the Tax Court's jurisdiction extends to all issues concerning the petitioner's liability for a given year, whether or not it exceeds the amount stated in the deficiency notice, *see* I.R.C. § 6214(a), and whether or not the deficiency actually existed, *see* I.R.C. § 6512(b)(1) (jurisdiction to determine overpayment). Because of this, the IRS argues that, even giving petitioner credit for amounts previously paid by his wife, its determination of a deficiency from the additional four items gave the Tax Court jurisdiction to adjudicate all issues bearing on petitioner's tax liability for the years in question.

The answer to this argument, we believe, is in a combination of general principles of justiciability and the rationale of *McConkey, Bendheim,* and *Anderson,* that a notice of deficiency for a tax that has already been paid is void. Despite the Supreme Court's holding in *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), that a taxpayer must make full payment of any asserted deficiency before he can sue for a refund in the district court under 28 U.S.C. § 1346(a)(1), Conklin need not have paid the amounts asserted against his joint obligor wife and paid by her. I.R.C. § 6211(a)(1)(B) provides that any deficiency must be reduced by amounts previously collected. *McConkey, Bendheim,* and *Anderson* treat a deficiency notice as to items already paid as invalid; thus, as to the five alleged deficiencies paid by the wife the Tax Court should not have considered them as being at issue. Once the

Tax Court accepted the IRS' concession on all of the issues for which it had not been paid, nothing was left to adjudicate, and the case became nonjusticiable. While in theory the entire year's tax is at issue in the Tax Court, when the Commissioner no longer can claim the taxpayer owes any taxes for the year, and the taxpayer is not asserting any claim against the government that might result in an overpayment, there is nothing left. Here, the Tax Court itself found that there was no further liability. We believe this case is one where "there is no sufficient need for deciding the issues tendered." 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3529, at 290 (2d ed.1984).

The Tax Court itself applied general principles of justiciability in order to refuse to adjudicate a controversy in *LTV Corp.,* 64 T.C. 589 (1975). In *LTV,* the parties did not agree on the tax liability for the years in question, but the IRS conceded that the taxpayer's operating loss carrybacks were large enough to offset any pre-carryback tax liability for those years. *Id.* at 590. The Tax Court declined to determine the pre-carryback tax liability for the years in question because it would not result in a finding of an overpayment or deficiency for the years before the court, but rather would only determine the amount of the operating loss carryovers consumed— which could only be relevant to overpayments or deficiencies for subsequent years not before the court. *Id.* at 592–99. The Tax Court there said:

"It will add little to the conclusion reached to enter into an extended discussion of the subtle concepts of justiciability, and the various categories of nonjusticiable issues. Most of the categories (including ripeness, mootness, and advisory opinions) overlap and blur on analysis, but for the most part reflect a sound principle of judicial administration that courts will not gratuitously decide complex issues that cannot affect the disposition of the case before them. We are confident that this principle applies to the particular facts of the case before us."

*Id.* at 595 (footnotes omitted).

In the case at bar, the Tax Court said that it was determining an overpayment,

which it has the authority to do under I.R.C. § 6512(b)(1). But at the same time, it professed to have no authority to determine who was entitled to the overpayment. If the entire payment was, in fact, made by petitioner's wife, she alone would be entitled to any refund. *See* Rev.Rul. 74–611, 1974–2 C.B. 399. Indeed, while Conklin's case was pending before the Tax Court, his wife was pursuing her claim for refund, on the same grounds as those considered by the Tax Court, in the district court.

We believe that any decision other than requiring dismissal when the government no longer had a claim against Conklin for payment and Conklin sought no refund, would give the government too much opportunity for harassment and permit it to effectively deprive taxpayers of the choice of forum that the law specifically gives them. Under the statutory scheme established by Congress, taxpayers have a choice when the IRS disputes their tax return. They may pay the deficiency the government asserts, file a claim for a refund with the IRS, and if that is denied, file suit for refund in the federal district court, where they are entitled to a jury, or in the Claims Court. 28 U.S.C. § 1346(a)(1). Alternatively, if they choose not to make the payment, they must litigate in the Tax Court. *See* I.R.C. § 6213(a).

Here Conklin's wife, Tavery, chose the district court as her forum, by paying the entire deficiency asserted against her, and when her claim for refund was denied, by suing in the district court. After convincing the Tax Court to assert jurisdiction and reach the merits, even though the issues had been narrowed to those for which Tavery was claiming a refund, the Commissioner used the judgment in Conklin's suit to preclude her action. *See Tavery v. United States*, 695 F.Supp. 1095 (D.Colo.1988). Even though we hold in the *Tavery* appeal, 897 F.2d 1024 (10th Cir.1990), companioned herewith, that this may not be done, the fact that the Tax Court has expressed an opinion on the merits may affect the district court's judgment on remand through its stare decisis effect. The district court which will adjudicate Tavery's case has before it a determination of the Tax Court on

the same facts, involving the same tax return, that the purported charitable contributions should be disallowed. Consider also what happens if we should permit the Tax Court decision on the merits to stand against Conklin, and Tavery wins her case in the district court. The government would be obligated to return Tavery the refund she seeks, but it no doubt would immediately seek collection from Conklin under the Tax Court decision, even though the issues and the evidence are the same.

The rationale of the Supreme Court in *Flora*, in requiring full payment of a deficiency before suing in federal district court, and in many of the lower courts which have condemned taxpayers' attempts to go to the district court on some issues and to the Tax Court on others, is to condemn the taxpayers' splitting their cause of action. We believe the same rationale should be applied to the government here. The government has split its cause of action on this joint return. It had several options that would not chill taxpayers' choice of forum in the way the Commissioner would have it operate in this case and still prevent Conklin from escaping liability in the unlikely event that his wife had a defense to tax liability that would not apply to him. The Commissioner could have asserted all of the deficiencies against both taxpayers separately or jointly. It could have joined Conklin in the refund suit filed by his wife as a third party defendant, under Fed.R.Civ.P. 22. And if the statute of limitations had not run, the Commissioner could have asserted the additional deficiency against both the husband and the wife, whether or not the refund suit was in process, forcing them to choose either the district court or the Tax Court as the forum for litigation of their entire tax liability. *See* I.R.C. § 7422(e); *Flora*, 362 U.S. at 166, 80 S.Ct. at 641; *Finley v. United States*, 612 F.2d 166, 170 (5th Cir.1980).

We conclude that because the five items the Commissioner asserted against both Conklin and Tavery were satisfied by Tavery's payment and the Commissioner conceded the other four items asserted against

Conklin alone, the Tax Court should have dismissed the action as nonjusticiable.

REVERSED.