MILWAUKEE TYPOGRAPHICAL UNION NO. 23, Petitioner and Plaintiff,

v.

MADISON NEWSPAPERS, INC., Respondent and Defendant.

No. 77–C–133 W.D.

United States District Court, W. D. Wisconsin.

Jan. 27, 1978.

---

Cornfield & Feldman by Gilbert A. Cornfield, Chicago, Ill., for petitioner and plaintiff.

Foley & Lardner by George D. Cunningham, Milwaukee, Wis., for respondent and defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has brought this action to enforce arbitration and as a complaint for breach of a collective bargaining contract. The plaintiff alleges that it and the defendant have been parties to successive collective bargaining agreements; that at various times, the plaintiff has raised issues concerning controversies between the parties as to interpretation or enforcement of the agreement, but that the defendant has refused to process the issues raised by the plaintiff, including the submission of the issues to impartial arbitration as provided by the collective bargaining agreement.

The defendant has moved for partial summary judgment as to the second, third and fourth counts of the plaintiff's complaint and that part of the first count which concerns incidents allegedly occurring after March 1, 1977, contending that the collective bargaining agreement between the

plaintiff and the defendant expired on March 1, 1977, and with it, the defendant's obligation to arbitrate issues of the nature described by the plaintiff in the complaint.

The motion for partial summary judgment is before the court for decision. From the record, I find that there is no genuine issue as to any of the following material facts:

(1) At all times material to this lawsuit, the plaintiff has been a labor organization within the meaning of 29 U.S.C. § 185, and the defendant has been an employer within the meaning of the same statute. The defendant publishes daily newspapers and maintains its principal offices in Madison, Wisconsin.

(2) From March 1, 1974, to March 1, 1977, the plaintiff and the defendant have been parties to a collective bargaining agreement. This collective bargaining agreement and all other agreements between the parties expired at midnight, February 28, 1977.

(3) Prior to the expiration of the collective bargaining agreement, the defendant notified the plaintiff that the labor contract and all other agreements between the parties would expire at midnight, February 28, 1977.

(4) No new collective bargaining agreement and no new agreement to arbitrate any grievances has existed since March 1, 1977.

(5) Prior to March 1, 1977, the parties bargained for a new contract. In bargaining, the defendant offered the plaintiff a "firm and final" proposal for a new labor contract, which was rejected by the plaintiff. After impasse in bargaining was reached subsequent to March 1, 1977, the defendant "implemented" certain parts of its "firm and final" proposal. The plaintiff rejected the defendant's "firm and final" offer.

In count I of its amended complaint, the plaintiff alleges that it wrote to the defendant on February 14, 1977, concerning a matter which in the plaintiff's opinion was an issue cognizable under the collective bargaining agreement between the parties, and that the defendant failed and refused to process the "issue" raised by the plaintiff, including submitting it to arbitration.

In count II, the plaintiff alleges that since on or about March 1, 1977, the defendant has violated certain provisions of the collective bargaining agreement in its introduction of a computerized typesetting process for the publication of its newspapers.

In count III, the plaintiff alleges that on or about April 15, 1977, the plaintiff raised five "issues" concerning interpretation and enforcement of the provisions of the defendant's "firm and final" offer; that on May 19, 1977, the plaintiff raised an additional "issue;" and that the defendant has failed to process the "issues" to impartial and binding arbitration.

In count IV, the plaintiff alleges that since on or about April 15, 1977, the defendant has violated provisions of its "firm and final" offer in certain respects.

The plaintiff has advanced three principal arguments in opposition to the defendant's motion for partial summary judgment on the ground that its obligation to arbitrate ended with the expiration of the collective bargaining agreement.

First, the plaintiff argues that by implementing any part of its "firm and final" offer, after impasse had been reached, the defendant implemented all of the offer, including the portion relating to arbitration. Therefore, the court should order the defendant to arbitrate, under its "firm and final," offer issues raised by the plaintiff before or after March 1, 1977.

The plaintiff's second argument is that, because an employer cannot make unilateral changes in the terms and conditions governing employee members of a bargaining unit without agreement with the exclusive bargaining representative unless and until impasse has been reached, all of the terms and conditions of the expired collective bar-

gaining agreement continued in effect up to the date of impasse.

For its final argument, the plaintiff contends that, if not all of the defendant's "firm and final" offer has been put into effect by the defendant, then the provisions of the expired contract remain in effect to the extent they are not superseded by the implemented terms of the defendant's offer.

The plaintiff cites no case law in support of the arguments which it advances. Similar arguments have been advanced and rejected in numerous cases. In *Procter & Gamble Ind. U. v. Procter & Gamble Mfg. Co.*, 312 F.2d 181 (2d Cir. 1962), cert. den., 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963), for example, the union argued (1) that the provisions of the expired collective bargaining agreement remained in effect by virtue of the fact that the employer chose not to change many of the working conditions which had prevailed under the expired agreement, and (2) that the employer could not change the terms and conditions of employment unilaterally after the expiration of the agreement until it had bargained to impasse. The union argued that the provision for arbitration was an unchangeable term of employment. Both arguments were rejected by the court, which held that the right to arbitrate is neither a condition of employment nor an incident of the employer-employee relationship, but depends on the existence of an agreement to arbitrate; that, in general, contractual obligations do not survive beyond the period for which they are expressly undertaken; and that, if the abandonment of arbitration procedures is a unilateral change in conditions of work which constitutes an unfair labor practice under the National Labor Relations Act, the courts are without jurisdiction to hear such a charge. See also, *Baker v. Fleet Maintenance, Inc.*, 409 F.2d 551 (7th Cir. 1969); *Globe Seaways, Inc. v. Marine Eng. Ben. Ass'n*, 451 F.2d 1159 (2d Cir. 1971); *Local 1251, UAW v. Robertshaw Controls Co.*, 405 F.2d 29 (2d Cir. 1968).

■ Because the plaintiff does not appear to contest the defendant's assertion that the formal collective bargaining agreement between the parties has expired and has not been renegotiated, it is perhaps arguable that this court lacks jurisdiction to determine this motion. 29 U.S.C. § 185, under which this suit is brought, affords jurisdiction over suits for "violation of contracts between an employer and a labor organization . . . ." However, the court of appeals for this circuit has held that in suits such as this one, the district courts have jurisdiction to determine their jurisdiction. *Baker v. Fleet Maintenance, Inc.*, supra, at 553; *Retail Clerks Int. Ass'n v. Montgomery Ward & Co.*, 316 F.2d 754 (7th Cir. 1963).

■ The question to be determined is whether there is in existence a contractual obligation to arbitrate the matter raised by the party seeking arbitration, since "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). See, also, *Nolde Bros., Inc. v. Bakery Workers*, 430 U.S. 243, 250, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977); *Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 374, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974); *Oil, Chem. & Atom. Wkrs. Int. U. v. American Maize Prod. Co.*, 492 F.2d 409 (7th Cir. 1974).

■ It is true that there are some situations in which, as to a particular grievance, the obligation to arbitrate survives the expiration of the contract. In those situations, a district court would have jurisdiction to determine not only whether the contract has expired, but whether the grievance "arose" under the contract and, if so, whether the obligation to arbitrate survives the expired contract. See, e. g., *Nolde Bros., Inc. v. Bakery Workers*, supra. In the *Nolde* case, the Supreme Court held that a dispute over severance pay must

proceed to arbitration according to the terms of an expired collective bargaining agreement because the dispute was one which "arose" under the terms of the contract. However, in the case before the court, the union makes no allegation that the events of which it is complaining "arose" under the contract which expired March 1, 1977, with the exception of the one issue included in count I, which is not a subject of the defendant's motion for partial summary judgment.

Having found that the collective bargaining agreement between the parties expired as of midnight, February 28, 1977; that it has not been renegotiated; and that the parties' obligation to arbitrate expired with the collective bargaining agreement, I find and conclude that as to counts II, III, and IV, and so much of count I as relates to the defendant's alleged refusal to process to arbitration matters raised by the plaintiff after the expiration of the contract, the complaint fails to state a claim against the defendant pursuant to 29 U.S.C. § 185 and that the defendant is entitled to summary judgment in its favor.

Counts I and III concern the defendant's alleged obligation to process grievances to arbitration. To the extent that the plaintiff seeks enforcement of the arbitration agreement as to matters arising after the contract had expired, it has no claim against the defendant. *Oil, Chem. & Atom. Wkrs. Int. U. v. American Maize Prod. Co.,* supra; *Allied Railing Corp. v. Shopmen's Local 455,* 426 F.Supp. 93 (S.D.N.Y.1976).

Count II concerns the defendant's alleged violation of certain provisions of the collective bargaining agreement occurring after March 1, 1977. This count fails to state a claim under § 185 because it relates to alleged violations of a contract no longer in existence. If the alleged violations concern nonchangeable terms and conditions of employment which might constitute unfair labor practices, this court is without juris-diction to hear the charges. The proper forum is the National Labor Relations Board. *Woody v. Sterling Aluminum Prod., Inc.,* 365 F.2d 448 (8th Cir. 1966); *Procter & Gamble Ind. U. v. Procter & Gamble Mfg. Co.,* 312 F.2d 181 (2d Cir. 1962), cert. den., 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963).

Count IV incorporates the plaintiff's allegations that the defendant has been violating provisions of the "firm and final" offer which were imposed unilaterally by the defendant after impasse had been .reached. It is incongruous, at best, for the plaintiff to be asking the court to enforce provisions of the offer unilaterally imposed by the defendant which includes, inter alia, a no-strike provision. In any event, having found that the plaintiff has never agreed to the offer, I find that this "firm and final" offer is not a "contract between an employer and a labor organization" within the meaning of § 185. Therefore, no claim under this statute is stated by the plaintiffs' allegations concerning the defendant's obligations under the offer.

Therefore, IT IS ORDERED that the defendant's motion for partial summary judgment be and hereby is granted.

IT IS ALSO ORDERED that this complaint be and hereby is dismissed as to all of counts II, III, IV, and so much of count I as relates to the defendant's alleged refusal to process to arbitration matters raised by the plaintiff after the expiration of the contract as of midnight, February 28, 1977.