Robert COOPER, et al.,
Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION, et al., Defendants-Appellees.

No. 80–2283
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 24, 1981.

Frank M. Newman, Jr., Fort Worth, Tex., for plaintiffs-appellants.

J. R. Wheatley, Edmond J. Dilworth, Jr., Detroit, Mich., Cantey, Hanger, Gooch, Munn & Collins, Ira Butler, Michael A. McConnell, Fort Worth, Tex., for GMC.

Marley S. Weiss, Asst. Gen. Counsel, Detroit, Mich., for International Union et al.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Employees who were once accorded seniority rights by a collective bargaining agreement, now superseded by another agreement, contend that their rights were vested by virtue of the former contract and cannot be abrogated by the later agreement. Because seniority rights are the creature of collective bargaining, we hold that what the contract confers, a later contract, validly made, may take away and affirm the summary judgment dismissing the complaint.

Supervisory employees of General Motors Corporation (GM), brought this class action against GM and the United Automobile Workers (UAW), the union that is bargain-

ing agent for its employees, seeking an injunction to enjoin enforcement of seniority provisions of the current collective bargaining agreement that do not accord seniority privileges in the bargaining unit to supervisory employees who are laid off.

Before 1976, the national collective bargaining agreement and the local agreement provided that a member of the bargaining unit would continue to accumulate unit seniority after being promoted out of the bargaining unit into a non-unit position. The supervisory employees contend that this provision allowed a unit employee who accepted a supervisory position and who later, due to a reduction in force, lost the supervisory position to reenter the bargaining unit with full credit for accumulated seniority, to be used in determining which unit employees would not be discharged. They further contend that, because of this provision, many of them have moved back and forth between unit and non-unit positions with no break in their accumulation of unit seniority.

The agreement expired in 1976, and a new agreement was negotiated. The supervisory employees were not represented by the union because of their supervisory status. In the new agreement, the company, the union, and its local modified this provision to eliminate accumulation of unit seniority by employees working in a supervisory position. The new contract provided that an employee transferred from a supervisory position to a job classification in the bargaining unit would be credited only with the seniority he had accumulated prior to March 1, 1977, and time worked in the bargaining unit after that date. The supervisors contend that the union breached a duty of fair representation owed to them because they had relied on the former provision in accepting supervisory positions. They contend that GM, by agreeing to and applying the 1976 contract, has violated the past contracts.

■ GM and the unions moved for summary judgment, arguing that the supervisory employees had no vested seniority rights in the bargaining unit and that they claimed no breach of an existing contract. Some of the supervisory employees filed affidavits contending that they had vested rights in the collective bargaining agreement that had expired and that they had relied on the prior agreement in accepting non-unit positions. They also argued that they were injured because, in being laid off, they are not entitled to certain benefits. The district court granted a summary judgment to GM and the unions without stating its reasons.[1]

■ Supervisors are by the very nature of their positions not members of the collective bargaining unit and can not be represented by a union that represents rank and file employees. National Labor Relations Act, § 2(3), 29 U.S.C. § 152(3). Therefore, the unions owe them no duty. *NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 279–282, 94 S.Ct. 1757, 1764–1766, 40 L.Ed.2d 134, 145–147 (1974). *See also NLRB v. Yeshiva University*, 444 U.S. 672, 100 S.Ct. 856, 63 L.Ed.2d 115 (1980).

■ The notion that the rights any employees, in the unit or out of it, had under the contract that terminated were vested or in any other fashion sacrosanct is devoid of support in federal labor law or contract law. Forty years ago, in *System Federation No. 59 of Railway Employees v. Louisiana & A. Ry.*, 119 F.2d 509, 515 (5th Cir.1941), cert. denied, 314 U.S. 656, 62 S.Ct. 108, 86 L.Ed.2d 526 (1941), we explained the principle, derived from the very nature of the collective bargaining agreement and the seniority rights that owe their very existence to it: "... collective bargaining agreements do not create a permanent status, give an indefinite tenure, or extend rights created and arising under the contract, be-

---

1. We note once again that it is difficult to fathom unspoken reasons, and that district courts would render better service to the litigants and facilitate the review of their actions if they would at least dictate into the record the reasons for their rendition of a summary judgment. *See Jot-Em-Down Stores (JEDS), Inc. v. Cotter and Co.*, 651 F.2d 245 (5th Cir.1981); *Huckeby v. Frozen Food Express*, 555 F.2d 542, 545 n.4 (5th Cir.1977).

yond its life, when it has been terminated in accordance with its provisions ...." Seniority is not only born from the collective bargaining agreement; it does not exist apart from that contract. *Baker v. Newspaper and Graphic Communication Union*, 628 F.2d 156, 159–60 (D.C. Cir.1980); *Ekas v. Carling National Breweries, Inc.*, 602 F.2d 664, 666–67 & n.3 (4th Cir.1979); *Charland v. Norge Division*, 407 F.2d 1062, 1064 (6th Cir.1969); Local 1251[,] *International Union of United Automobile, Aircraft and Agricultural Implement Workers of America v. Robertshaw Controls Co.*, 405 F.2d 29 (2d Cir.1968) (en banc), *reversing Zdanok v. Glidden Co.*, 288 F.2d 99 (2d Cir.1961), *aff'd on other grounds*, 368 U.S. 814, 82 S.Ct. 56, 7 L.Ed.2d 22 (1961).

Whether or not any of the plaintiffs relied on the old agreement in accepting promotions to supervisory positions is immaterial. By relying on a contract of limited duration, imminently subject to renegotiation, they could not estop the parties from changing it. *See Ford Motor Co. v. Huffman*, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed.2d 1048 (1953).

For these reasons the judgment is AFFIRMED.