867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dale G. STOUT, Plaintiff-Appellant,
v.
EASTERN ASSOCIATED COAL CORPORATION, a corporation,
Defendant-Appellee.
 No. 88-2875.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 23, 1988.
Decided: Jan. 20, 1989.
 
 Brent E. Beveridge, for appellant.
 Kenneth Ray Miller (Furbee, Amos, Webb & Critchfield), Anthony J. Polito, Leonard Fornella (Polito & Smock, PC), for appellee.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dale G. Stout appeals the order of the district court granting summary judgment to Eastern Associated Coal Corporation (Eastern). The district court found that Stout had no vested right to seniority by virtue of the collective bargaining agreement between the United Mine Workers of America (UMWA) and Eastern. We affirm.
 
 I.
 
 2
 Stout was hired by Eastern on August 19, 1975, as a laborer and member of the UMWA. He held various classified positions until March 22, 1980, when he chose to become a supervisor. On December 2, 1982, Stout was discharged from his supervisory position. He then sought to be placed on a panel to compete for classified jobs with seniority beginning on August 19, 1975. Eastern refused him seniority and panel rights.
 
 
 3
 When Stout became a supervisor the National Bituminous Coal Wage Agreement of 1978 (1978 Agreement) was in effect. Article XVII, Section (m) of the 1978 Agreement in pertinent part reads:
 
 
 4
 Employees who are promoted to a supervisory position exempt from coverage under this Agreement for a period in excess of four (4) months shall retain their original seniority as of the date of their promotion, but will not accumulate any seniority for the time spent in such supervisory position.
 
 
 5
 On June 7, 1981, while Stout remained a supervisor for Eastern, a new collective bargaining agreement became effective. Article XVII, Section (m) of the 1981 Agreement in pertinent part states:
 
 
 6
 Employees who are promoted to a permanent supervisory position exempt from coverage under this Agreement and Employees who are permanent supervisors on the effective date of this Agreement shall forfeit their original seniority and panel rights.
 
 II.
 
 7
 Seniority rights are a creature of the collective bargaining agreement and do not bestow vested interests. Cooper v. General Motors Corp., 651 F.2d 249, 250 (5th Cir.1981); see also Tangren v. Wackenhut Services, 480 F.Supp. 539, 549 (D.Nev.1979) (seniority rights are not vested and are subject to change with each collective bargaining agreement), aff'd 658 F.2d 705 (9th Cir.1981), cert. denied, 456 U.S. 916 (1982).
 
 
 8
 This Court has found that, absent an intent by the contracting parties, even health benefits and life insurance coverage do not continue beyond the expiration of a collective bargaining agreement. District 29, United Mine Workers v. Royal Coal Co., 768 F.2d 588, 592 (4th Cir.1985), cert. denied, 56 U.S.L.W. 3608 (U.S. March 7, 1988) (No. 87-1185).
 
 
 9
 The language of Sec. (m) of the 1978 agreement does not indicate an intent to create a vested seniority interest. It merely limits the accumulation of seniority. Further, it contains no language indicating any carry-over to future contracts. However, Sec. (m) of the 1981 agreement clearly provides that "original seniority and panel rights" are taken from supervisors on the effective date of the agreement.
 
 
 10
 Therefore, when Stout left the UMWA on March 22, 1980, to become a supervisor, the 1978 agreement protected his seniority rights until it expired.[1] When the 1981 agreement became effective, Stout, who continued as a supervisor until his discharge in 1982, lost his seniority by virtue of Sec. (m) of the 1981 agreement.
 
 
 11
 We accordingly affirm the district court's entry of summary judgment in favor of Eastern. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The 1978 agreement protected his seniority acquired from August 19, 1975 through March 22, 1980. Stout acquired no seniority as a supervisor