**UNITED FOOD AND COMMERCIAL WORKERS, LOCAL UNION NO. 7R, An Unincorporated Labor Organization, Plaintiff,**

v.

**GOLD STAR SAUSAGE CO., a Colorado corporation, Defendant.**

**Civ. A. Nos. 88–B–1159, 89–B–145.**

United States District Court,
D. Colorado.

May 25, 1989.

John P. Bowen, Wheat Ridge, Colo., for plaintiff.

Rodney L. Smith and Paul F. Hodapp, Eiberger, Stacy, Smith & Martin, Denver, Colo., for defendant.

**1380**

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

In these consolidated cases, plaintiff, United Food and Commercial Workers, Local Union No. 7R (the Union) seeks to compel arbitration of five grievances under an expired collective bargaining agreement (Contract). Before the Court are the Union's and defendant's, Gold Star Sausage Co. (Gold Star), cross-motions for summary judgment on stipulated facts. Jurisdiction is proper pursuant to 28 U.S.C. 1331. The Court grants Gold Star's motion for summary judgment and denies that of the Union.

Having reviewed the briefs, affidavits, and other records submitted by the parties in support of their respective positions on these motions, I believe that oral argument will not materially assist the Court in the resolution of this matter.

The Union and Gold Star were parties to a collective bargaining agreement which expired on June 1, 1987. Before the Contract expired, Gold Star informed the Union that it intended to terminate the Contract upon its expiration. The parties negotiated before and after the expiration of the Contract in an attempt to reach a new agreement, but failed to do so. On June 29, 1987, Gold Star made a proposal which the Union did not accept. Gold Star informed the Union by letter that it was implementing its last offer on July 9, 1987. Thereafter, five grievances were filed by the Union which Gold Star refused to submit to arbitration. This action followed.

The grievances were as follows:

| Date of Occurrence | Name | Complaint |
|---|---|---|
| October 28, 1987 | Jose Arroyo | Violation of seniority |
| January 1, 1988 | Steve Hernandez | Work unit violation |
| March 7, 1988 | Lucille Derrera | Violation of seniority |
| July 12, 1988 | Donna Diaz | Unjust termination |
| November 7, 1988 | Lucille Derrera | Unjust discipline |

The Union argues that these grievances arise under the expired Contract and, thus, Gold Star must arbitrate them unless there has been an express negation of the duty to arbitrate. Gold Star contends that because the grievances arose after the expiration of the Contract it has no obligation to arbitrate them.

The parties agree that Fed.R.Civ.P. 56 applies and that summary judgment may be granted in this case because there is no genuine issue of material fact and one moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Arbitration is the favored means of settling labor disputes. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Nolde Bros., Inc. v. Local No. 358, Bakery and Confectionery Workers Union, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977).

These principles were discussed in Nolde Bros., where the Court held that the right to arbitrate a severance pay dispute survived the expiration of the collective bargaining agreement. In Nolde Bros., the event triggering the dispute occurred four days after expiration of contract. The Court determined that the dispute, "although arising after the expiration of the collective-bargaining contract, clearly arises under that contract." Id. at 249, 97 S.Ct. at 1071. (emphasis in the original). The Court also applied a presumption that arbitration provisions are intended to survive the expiration of a collective bargaining agreement unless terminated by express negation or clear implication. Id. The Nolde Bros. Court limited its holding, however, by stating, "we need not spec-

ulate as to the arbitrability of post-termination contractual claims which, unlike the one presently before us, are not asserted within a reasonable time after the contract's expiration." Consequently, even those claims which arise under the contract but are not asserted within a reasonable time are not arbitrable. *Chauffeurs, Teamsters and Helpers, Local Union 238 v. C.R.S.T., Inc.*, 795 F.2d 1400 (8th Cir. 1986), *cert. denied*, 479 U.S. 1007, 107 S.Ct. 647, 93 L.Ed.2d 702 (1986) (time period of more than one year is unreasonable); *Local 703, Int'l Bhd. of Teamsters v. Kennicott Bros. Co.*, 771 F.2d 300 (7th Cir.1985) (time period of more than six months is unreasonable). To hold otherwise could result in parties to a collective bargaining agreement being compelled to arbitrate disputes arising years or even decades after the expiration of an agreement. *Local 703, supra.*

■ Accordingly, I must first determine whether the disputed right arose under the Contract and then apply the *Nolde Bros.* presumption. *See C.R.S.T., Inc., supra; Glover Bottled Gas Corp. v. Local Union No. 282, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 711 F.2d 479 (2nd Cir.1983).

■ For an arbitration right to exist as to a dispute that "arose under the contract," the grievance must involve either rights which, to some degree, have vested or accrued during the life of the agreement or relate to events which have occurred, at least in part, while the agreement was still in effect. *C.R.S.T., Inc., supra; Glover Bottled Gas Corp., supra.* Generally, courts view rights such as severance pay, pension plan rights, and vacation pay as having vested or accrued during the life of the agreement. On the other hand, rights such as discharge for just cause, seniority rights, and discipline for just cause are viewed as rights which are strictly creatures of the contract which do not extend beyond contract expiration. *C.R.S.T., Inc., supra,* (just cause discharge); *Teamsters Local Union 688 v. John J. Meier Co.*, 718 F.2d 286 (8th Cir.1983) (vacation pay); *Federated Metals Corp. v. United Steelwork-*

*ers of America (AFL–CIO)*, 648 F.2d 856 (3rd Cir.1981), *cert. denied sub nom., American Smelting & Refining Co. v. United Steelworkers of America (AFL–CIO)*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981) (pension plan rights); *Cooper v. General Motors Corp.*, 651 F.2d 249 (5th Cir.1981) (seniority rights are derived from collective bargaining agreements and do not exist beyond term of such agreement); *United Steelworkers of America, AFL–CIO v. Fort Pitt Steel Casting Division–Conval–Penn, Inc.*, 635 F.2d 1071 (3rd Cir. 1980), *cert. denied*, 451 U.S. 985, 101 S.Ct. 2319, 68 L.Ed.2d 843 (1981) (severance pay, vacation pay, life insurance coverage and pension plans rights).

First, I conclude that the disputed rights in this case are strictly a creation of the Contract and are not the sort of rights that vest or accrue during the life of the Contract. *C.R.S.T., Inc., supra; Cooper, supra.* Also, the facts do not reveal any events which occurred before the expiration of the Contract or facts which would relate any dispute back to events which occurred during the life of the Contract. Accordingly, the rights involved here do not arise under the Contract.

■ Next, I conclude that even assuming any of the grievances involved rights which arose under the Contract, the post-termination contractual claims were not asserted within a reasonable time after the Contract's expiration. Therefore, as a matter of law, any *Nolde Bros.* presumption of arbitrability is extinguished. *C.R.S.T., Inc., supra; Local 703, supra.*

■ The Union also maintains that if the grievances are not arbitrable under the expired Contract, then arbitration should be compelled under the terms of Gold Star's last offer. I do not agree.

In this case, the expired agreement contained no provision providing for post-expiration arbitration. Further, the parties disagreed over the proposed arbitration provision. Finally, it is not disputed that the Union rejected Gold Star's entire last offer. Under these circumstances, the last offer cannot be transformed into a binding con-

tract under which arbitration can be ordered. *See Milwaukee Typographical Union No. 23 v. Madison Newspapers, Inc.,* 444 F.Supp. 1223 (W.D.Wis.1978), *aff'd. mem.,* 622 F.2d 590 (7th Cir.1980).

The disputed rights did not arise under the expired agreement, they did not occur within a reasonable time after its termination, and they cannot be compelled to arbitration under Gold Star's last offer. Therefore, I conclude that the grievances are not arbitrable.

Accordingly, it is ORDERED that SUMMARY JUDGMENT shall ENTER on behalf of defendant and against plaintiff.