# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2010

Lyle W. Cayce
Clerk

No. 09-11210

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA;
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 848,

Plaintiffs - Appellees

v.

VOUGHT AIRCRAFT INDUSTRIES INC,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:09-cv-00299

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:[*]

Vought Aircraft Industries, Inc., ("Vought") appeals from the district court's judgment compelling Vought to arbitrate grievances filed by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") and its Local Union 848 (collectively, the "Union") on behalf of a former employee. We conclude that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-11210

correctly determined the issues presented. Because one of the two former employees in question died prior to the issuance of this opinion, we will dismiss the portion of the case that involves him.

## I. Background

Vought operates a manufacturing facility in Dallas, Texas. The UAW and its Local Union 848 are the exclusive collective bargaining agents for certain defined classes of Vought employees. Vought and the Union have entered multiple, successive collective bargaining agreements ("CBA"). At all times relevant to this litigation, the CBA contained a seniority provision stating that "a salaried employee may return to the bargaining unit at the highest classification held within the job family that seniority entitled him in accordance with the layoff procedure . . . ." The CBA also contains a grievance procedure which requires Vought and the Union to arbitrate unresolved grievances. The CBA expressly excludes supervisors from the bargaining unit.

Chester Kirksey ("Kirksey") was at one point an hourly bargaining unit employee covered by the CBA.[1] In 1996, Kirksey transferred out of the collective bargaining unit and into a salaried supervisor position. Kirksey remained a supervisor with Vought until he was laid off in June 2006. After Kirksey was laid off, he sought to return to a non-supervisory job within the bargaining unit. Vought refused to return Kirksey to the bargaining unit, and the Union filed a grievance on his behalf alleging that he had a right to return to the collective bargaining unit pursuant to the seniority provision in the CBA.[2] Vought refused

---

[1] The Union initially filed grievances on behalf of two former employees: Kirksey and Eugene Neeper ("Neeper"). Neeper perished in a motorcycle accident earlier this year. Therefore, all claims brought on behalf of Neeper have become moot and the district court's decision regarding him is vacated and the case dismissed as to that portion.

[2] The question of whether the seniority provision contains a right of return for former bargaining-unit employees is not before the court, and we make no holdings as to that issue. *See Int'l Ass'n of Machinists, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 221 (5th Cir. 1987) ("[C]ourts should not determine the merits of the underlying grievance[.]").

2

No. 09-11210

to process the grievance, arguing instead that, as a supervisor, Kirksey was not covered by the CBA.  The Union, rather than petitioning the National Labor Relations Board ("NLRB") for a unit clarification or unfair labor practice charge, filed suit in district court to compel Vought to arbitrate the grievance.

In district court, Vought initially filed a motion to dismiss for lack of subject matter jurisdiction and lack of standing.  The only argument raised concerning the Union's standing was whether it could represent a member who has left the collective bargaining unit.  At no time in the district court did Vought argue that the Union lacked Kirksey's consent to sue.  The district court denied Vought's motion.  Later, Vought and the Union filed cross-motions for summary judgment, and Vought again asserted its jurisdictional arguments. The district court granted the Union's motion, denied Vought's motion, and entered a judgment compelling arbitration.  Vought timely appealed.

## II. Analysis

Vought re-urges its jurisdictional arguments on appeal.  Vought first argues that the federal courts have no subject matter jurisdiction because the grievances are primarily representational and, therefore, the National Labor Relations Board ("NLRB") has exclusive jurisdiction.  Secondly, Vought argues that the Union lacks standing to assert the claims on behalf of a person no longer in the unit.

A.  Did the district court have jurisdiction to hear this kind of case?

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  We review claimed defects of subject matter jurisdiction de novo.  *Qureshi v. United States*, 600 F.3d 523, 524 (5th Cir. 2010).

The Union brought this claim under section 301 of the Labor Management Relations Act of 1947. 29 U.S.C. § 185.  Under this provision, federal courts have

No. 09-11210

jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees." *Id.* The Union asserts that this suit simply purports to enforce Kirksey's contractual right to return to the bargaining unit. Vought, on the other hand, argues that the issue presented is primarily representational because it requires an initial determination that Kirksey is represented by the Union. Vought argues that the district court therefore lacked jurisdiction because "[t]he National Labor Relations Act vests exclusive authority in the NLRB to pass on issues of representation." *W. Point-Pepperell, Inc. v. Textile Workers Union*, 559 F.2d 304, 307 (5th Cir. 1977); *see also* 29 U.S.C. § 159. Vought claims that the present suit is an attempt to make an end-run around the NLRB under the guise of a contractual dispute. *See W. Point-Pepperell*, 559 F.2d at 306 ("Courts should not decide questions beyond their jurisdiction under the guise of construing contracts under Section 301.").

We agree with the district court that the issue presented is contractual. Unlike cases in which courts have declined to exercise jurisdiction because of representational issues, resolution of the present issue does not require us to determine whether the grievant, Kirksey, is a member of the bargaining unit. The Union concedes that he is not. Rather, the Union asserts that Kirksey, as a former bargaining-unit employee, accrued a right under the CBA to return to the bargaining unit after leaving it for a salaried position. Such a question involves interpreting the CBA, not determining who is covered by it,[3] and is thus contractual.

---

[3] To the extent that ruling on a contractual issue in a collective bargaining agreement requires determining that a grievant has rights under the CBA, the question does not always render the issue impermissibly representational. *Cf. Local Union No. 1846 of the United Bhd. of Carpenters v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 518 (5th Cir. 1982) ("If anything, the power to enforce a contract must necessarily include the ability to decide who is bound by the contract.")

No. 09-11210

The fact that Kirksey is no longer in the bargaining unit is not fatal to the Union's claims. Former employees, though no longer a part of the bargaining unit, may have contractual rights pursuant to a CBA. *See Allied Chem. & Alkali Workers, Local Union No. 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 181 n.20 (1971) (retirees have a federal remedy under § 301); *Meza v. Gen. Battery Corp.*, 908 F.2d 1262 (5th Cir. 1990) (permitting suit by former employee for disability benefits set out in CBA); *see also Woosley v. Avco Corp.*, 944 F.2d 313, 317 (6th Cir. 1991) (former supervisors "should be treated as members [of the bargaining unit] in order to assert their right to return to the unit.");[4] *Peerless Pressed Metal Corp. v. Int'l Union of Elec., Radio, & Mach. Workers*, 451 F.2d 19, 21 (1st Cir. 1971) (affirming order to compel arbitration where "the agreement could be read to entitle [a supervisor] to reinstatement" into the bargaining unit). Though not every right in a CBA necessarily extends to former employees, a contractual right to return to the bargaining unit can logically apply only to employees who have left the bargaining unit and therefore extends to former employees by definition.

Even assuming arguendo that the contractual issues in this case may involve resolution of a representational issue, that is no bar to jurisdiction in this circuit. As this court has noted:

> Where collateral issues of labor law, such as the determination of the appropriateness of a bargaining unit, become essential to the determination of the existence of a breach of contract under the independent federal remedy Congress created in section 301, a federal court may pass upon the issues under its congressional grant of jurisdiction notwithstanding the fact that a unit determination by

---

[4] Before the district court, Vought argued that *Woosley* is distinguishable because the supervisor in that case was entitled to return, and Kirksey is not. The form of this argument about the meaning of the language in the CBA supports our conclusion that the issue is primarily contractual. However, the substance of this argument goes to the merits of the grievance, and is not properly before the court. *See* footnote 2, *supra*.

the Board might be available if one of the parties filed an unfair labor practice charge or sought a unit clarification.

*Pratt-Farnsworth*, 690 F.2d at 519 (5th Cir. 1982); *see also Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 268 (1964) ("[A] suit . . . in the federal courts, as provided by § 301 . . . is proper, even though an alternative remedy before the Board is available."). Such exercise of jurisdiction is particularly unlikely to offend the careful balance of authority between the federal courts and the NLRB where, as here, the NLRB has made no prior determination nor has proceedings on the issue currently before it. *See Pratt-Farnsworth*, 690 F.2d at 515-17 & n.12 (noting that jurisdictional issues are different depending on whether the NLRB has intervened or not).

The Supreme Court has similarly noted:

By allowing the dispute to go to arbitration its fragmentation is avoided to a substantial extent; and those conciliatory measures which the Congress deemed vital to "industrial peace" and which may be dispositive of the entire dispute, are encouraged. The superior authority of the [NLRB] may be invoked at any time. Meanwhile, the therapy of arbitration is brought to bear in a complicated and troubled area.

*Carey*, 375 U.S. at 272 (internal citations omitted). We therefore hold that the district court properly determined that it could hear such a case.

B. Can the Union Act on Behalf of a Former Member of the Unit?

In the district court, Vought argued unsuccessfully that the Union can never represent a person no longer in the Unit.[5] We agree with the district court that Kirksey's departure from the Unit is not fatal to the Union's ability to represent him here. The Union may represent former employees, but only with their consent. *Meza*, 908 F.2d at 1271 ("Employees who are not exclusively

---

[5] It stated: "A labor union is not authorized to act on behalf of individuals outside of the bargaining unit."

represented by a union are free to choose whether they want the union to represent them."); *cf. Int'l Ass'n of Machinists v. Goodrich*, 410 F.3d 204, 212 (5th Cir. 2005) (finding that a union had standing because retirees had given their express consent to its representation). A showing of consent is required because the Union owed no duty of fair representation to Kirksey. *Cooper v. Gen. Motors Corp.*, 651 F.2d 249, 250 (5th Cir. 1981).

The issue of whether Kirksey had consented to this suit was raised for the first time at oral argument. Because this issue was raised for the first time on appeal,[6] the district court record was not fully developed on this issue. However, Kirksey filed an affidavit with this court, to which Vought objects, which establishes his consent.[7] Vought does not offer any basis to conclude that Kirksey's affidavit is erroneous. Thus, while we might ordinarily remand to develop the facts, here we conclude such remand is unnecessary given the procedural posture of this case. Having waited until oral argument to raise the issue of Kirksey's consent, Vought cannot now complain about an affidavit establishing same.

AFFIRMED as to portion addressing Kirksey, VACATED AND DISMISSED as to portion addressing Neeper.

---

[6]   Although it is true that Vought did contest standing in the district court, it did so on the basis that a union can never represent a former employee not on the basis that this particular employee did not consent to union representation in this lawsuit.

[7]   After oral argument, the Union filed an affidavit from Kirksey indicating that he requested the Union's handling of his grievance and affirming his desire that the Union continue to represent him. Vought argues that we cannot consider this affidavit, citing *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1150 (2009). In that case, the party contesting standing had raised the precise issue before the district court prior to a judgment on the merits, whereas in our case, the issue of consent was not raised until appellate oral argument following a district court decision to send the case to arbitration.